UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAWAII STAFFNEY, #955531,                    )
      Plaintiff,                        )
                       )        No. 1:24-cv-1102
v.                                            )
                       )        Honorable Paul L. Maloney
UNKNOWN RICHMOND, *ET AL.*,                  )
      Defendants.                       )
                       )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Kent's Report and Recommendation (R&R), (ECF No. 24), in which he recommended that Defendant Fidler's motion for summary judgment be granted, (ECF No. 15). Plaintiff objected to the R&R. (ECF No. 25). The Court finds that Plaintiff failed to exhaust his administrative remedies as to claims against Defendant Fidler, so the Court adopts the R&R in full.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our

1

Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable factfinder could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025).

## II.

Plaintiff alleges that Defendant Richmond and Defendant Fidler violated his Eighth Amendment rights. Specifically, he alleges that Defendant Richmond tased him, resulting in injury, and that Defendant Fidler refused to take him to receive medical attention for his injuries. There is one relevant written grievance here, and it contains no reference to the claim that Fidler refused to take Plaintiff to receive medical attention.

Plaintiff argues that because he spoke to Fidler to attempt to resolve the claim related to denial of health care, Fidler was adequately on notice and thus he exhausted administrative remedies. But the administrative exhaustion requirement exists to do more than provide notice in the broadest sense; it also serves to give prisons a chance to rectify problems and

2

create an administrative record for any disputes that come to court. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006). To serve those functions, prisoners must prove "proper exhaustion," making "full use of the prison grievance process." *Id.* at 94. A conversation with Fidler might be *part of* the grievance process, but that does not mean it suffices to replace the rest of it. The written grievances are especially important, as they build a record on which the Court can assess whether the defendants had "sufficient notice to respond to the *specific allegations against them*" later presented in a complaint. *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *2 (6th Cir. Mar. 19, 2018) (emphasis added). Plaintiff offers no argument that the written grievance relevant here could have given Fidler notice of the allegation that he refused to take Plaintiff to receive medical care. Giving notice that he was involved in an incident broadly is insufficient; it must give notice of the claims being asserted against him. *Cf. Mattox v. Edelman*, 851 F.3d 583, 596 (6th Cir. 2017) (finding that failure to give prison officials "a fair chance to remedy a prisoner's complaints" by allowing generalized grievances would "effectively collapse the PLRA's exhaustion requirement").

Plaintiff argues that he made statements during the investigative process regarding Fidler. These statements are not part of the record. The Court can only evaluate the record before it. Plaintiff also does not argue that these statements somehow constitute proper administrative exhaustion or that they would have put Fidler on notice of the specific allegation related to denial of medical care.

Plaintiff argues that he could not have included the allegation against Fidler in the grievance because it would have been rejected for containing multiple unrelated issues. But the issues of Richmond's alleged tasing and Fidler's alleged failure to take Plaintiff to receive

3

medical attention after that tasing are related. No reasonable jury could conclude otherwise. Additionally, Plaintiff could have filed separate grievances against Richmond and Fidler. Plaintiff's filing of a single grievance with no mention at all of the failure to provide health care claim thus is not "sufficient under the circumstances" to exhaust administrative remedies with regard to the health care claim. *Nelson v. Wilson*, No. 2:19-cv-9, 2020 WL 5105035, at *3 (W.D. Mich. Aug. 31, 2020).

## III.

Magistrate Judge Kent correctly concluded that Plaintiff failed to exhaust his administrative remedies. Since Plaintiff has failed to identify any errors in the Magistrate Judge's R&R, the R&R (ECF No. 24) is **ADOPTED IN FULL**. Defendant's motion (ECF No. 15) is **GRANTED**.

**IT IS SO ORDERED.**

Date:   March 4, 2026                               /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge

4